UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIRK W. STEELE, <br><br> Plaintiff, <br><br> v. <br><br> ALDER HOLDINGS, LLC, and JOHN DOES 1-100, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 2:22-cv-02241 <br><br> DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

**NOW COMES** Kirk W. Steele ("Plaintiff"), by and through his undersigned attorneys, complaining Alder Holdings, LLC ("Defendant") and John Does 1-100, as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1, Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of Illinois. Plaintiff is domiciled in the Central District of Illinois.

### PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the Central District of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is a company that sells home-security and alarm systems, primarily door-to-door, throughout the country. Defendant's principal place of business is located at 2450 N. 1500th W, Orem, Utah 84057.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. JOHN DOES 1-100 are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant. The identities of JOHN DOES 1-100 are unknown to Plaintiff at this time and will be ascertained through discovery.

10. At all times relevant, Defendant had an agency relationship with John Does 1-100 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-100 (as the agents) and John Does 1-100 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of John Does 1-100, is liable for the acts of its agents John Does 1-100.

### FACTS SUPPORTING CAUSE OF ACTION

11. On August 19, 2021, Plaintiff contacted Defendant for a home security system service and equipment.

12. Plaintiff purportedly entered into a contract with Defendant that required an activation fee of $219 and a monthly payment of $39.99 for 60 months ("subject debt").

13. Plaintiff paid his monthly payments for the subject account despite being dissatisfied and wanting the system removed.

14. Plaintiff suffered a financial hardship and stopped making his monthly payments in or around August 2022.

15. Immediately upon missing a payment, Plaintiff began receiving calls to his cellular phone from Defendant regarding the subject debt.

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6523.

17. At all times relevant, Plaintiff's number ending in 6523 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

19. Fed up with the harassing collection calls, Plaintiff answered a call from Defendant on September 13, 2022.

20. Upon answering the telephone call and saying "hello," the Plaintiff was greeted with an artificial and/or prerecorded voice asking Plaintiff to wait to speak with a live representative.

21. Frustrated by not being able to speak with a live person, Plaintiff disconnected the call and called back in an effort to reach an actual person to speak to.

22. During this call, Plaintiff requested that Defendant cease its collection calls as he was dissatisfied with Defendant's product.

23. Despite Plaintiff's request that the collection calls cease, Defendant continued its harassing collection calls to Plaintiff's cellular phone using pre-recorded messages.

24. In some of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

25. Specifically, Defendant's pre-recorded message stated:

> "This is your home security provider calling with an important message about your account, this is a time sensitive matter so it is important that you contact us at your earliest convenience at (801) 441-1636."

26. In an effort to escape Defendant's harassing collection calls, Plaintiff would block the numbers that Defendant called from, only for Defendant to call from new numbers.

27. From July 2022 through the present, Defendant placed numerous artificial and/or prerecorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

28. Upon information and belief, all the aforementioned calls were placed by John Does 1-100 on behalf of Defendant.

29. It was clear to Plaintiff that all of Defendants' phone calls utilized an artificial and/or prerecorded voice ("robocalls") as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails and the greeting in answered calls was monotone and was conspicuously not the voice of a live representative; (4) the caller never identified themselves by name; (5) none of Defendant's voicemails identified by name the intended recipient of the call; and (6) all voicemails directed Plaintiff to call the same number (call center) to speak to an unidentified representative.

30.  The majority of Defendant's robocalls were placed from the phone number (217) 689-2542.

31.  Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32.  Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

33.  Due to Defendant's refusal to honor Plaintiff's request to cease contact with him, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its unlawful robocalls.

## DAMAGES

34.  Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

35.  Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish,

anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

36. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone number such that Plaintiff was unable to receive other phone calls.

37. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLASS ALLEGATIONS

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf (John Does 1-10) placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this Complaint through the date of class certification.

40. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.   Numerosity**

41.   Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

42.   The exact number of the members of the Putative Class is unknown to Plaintiff's at this time and can only be determined through targeted discovery.

43.   The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

44.   The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.   Commonality and Predominance**

45.   There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

46.   Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.   Typicality**

47.   Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.   Superiority and Manageability**

48.   This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

49. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

50. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

52. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

53. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

54. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

57. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

58. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

59. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its calls.

60. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

61. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiffs and the Putative Class.

62. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Kirk W. Steele, on behalf of himself and the members of the Putative Class, request the following relief:

    a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    c. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

    d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

    e.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

    f.      any further relief as this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

63.    Plaintiff restates and reallages paragraphs 1 through 62 as through fully set forth herein.

64.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

65.    Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

66.    Defendant is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

67.    Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff personally.

    **a. Unfairness and Deception**

68.    It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to his telephone, attempting to induce him

into making an immediate payment, despite requesting it to cease calling him on multiple occasions.

69. It was unfair and deceptive for Defendant to continue placing unwanted phone calls after Plaintiff demanded on multiple occasion that it cease calling his telephone number.

70. It was unfair and deceptive for Defendant to physically enter Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

71. Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls and residential visits, resulting in a significant harm in the form of invasion of privacy and nuisance.

72. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts to increase its profitability at the consumers' expense.

73. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

74. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

75. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, KIRK W. STEELE, on behalf of himself and the members of the Putative Class, request the following relief:

    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Award Plaintiff him actual damages in an amount to be determined at trial;

  c. Award Plaintiff him punitive damages in an amount to be determined at trial;

  d. Award Plaintiff him reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c);

  e. Enjoin Defendant from further contacting Plaintiff; and

  f. Award any other relief this Honorable Court deems equitable and just.

<h3 style="text-align:center"><u>COUNT III – INVASION OF PRIVACY – INTRUSION UPON SECLUSION</u></h3>

76. Plaintiff restates and realleges paragraphs 1 through 75 as though fully set forth herein.

77. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

78. Defendant's persistent and unwanted autodialed phone calls to his telephone eliminated Plaintiff's right to be left alone.

79. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

80. It was an invasion of Plaintiff's privacy for Defendant to physically enter Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

81. All of the calls made to Plaintiff's phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

82. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

83. Defendant's unsolicited phone harassment campaign and residential property visits severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow

and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

84. These persistent collection calls and residential property visits eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home.

85. By continuing to call Plaintiff and its multiple residential property visits attempting to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls and visits.

86. As detailed above, by persistently autodialing Plaintiff's telephone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

87. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's telephone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

88. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Kirk W. Steele, on behalf of himself and the members of the Putative Class, request the following relief:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff him actual damages in an amount to be determined at trial;
c. Award Plaintiff him punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees & costs;
e. Award any other relief this Honorable Court deems equitable and just; and
f. Enjoin Defendant from further contacting Plaintiff.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89. Plaintiff restates and realleges paragraphs 1 through 88 as though fully set forth herein.

90. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

91. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's telephone.

92. Defendant intentionally engaged in extreme and outrageous conduct by entering Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

93. Defendant knew that its relentless phone calls, threats, and unsolicited visits to Plaintiff's property would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

94. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

95. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

96. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

97. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

98. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

99. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

100. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

101. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE**, KIRK W. STEELE, on behalf of himself and the members of the Putative Class, request the following relief:

  a. Enter judgment in Plaintiff's favor and against Defendant;
  b. Award Plaintiff him actual damages in an amount to be determined at trial;
  c. Award Plaintiff him punitive damages in an amount to be determined at trial;
  d. Award Plaintiff his reasonable attorney's fees & costs;
  e. Award any other relief this Honorable Court deems equitable and just; and
  f. Enjoin Defendant from further contacting Plaintiff.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and the Putative Class Members demand a trial by jury.

Date: November 2, 2022                           Respectfully submitted,

                                                 */s/ Marwan R. Daher*
                                                 Marwan Rocco Daher, Esq.
                                                 Sulaiman Law Group, Ltd.
                                                 2500 S. Highland Ave., Ste. 200
                                                 Lombard, IL 60148
                                                 Telephone: (630) 575-8181
                                                 Facsimile: (630) 575-8188
                                                 mdaher@sulaimanlaw.com
                                                 *Counsel for Plaintiff*